IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| STARRLIT ANGELINE QUALE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 6:22-CV-03321-DGK |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Starrlit Angeline Quale's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of anxiety, obsessive-compulsive disorder, disorder of the thyroid gland, and congenital heart disease. Nevertheless, the ALJ found she retained the residual functional capacity ("RFC") to perform light work with additional limitations, including work as a mail clerk, marker, and garment sorter.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for disability insurance benefits on October 29, 2020, alleging a disability onset date of October 18, 2020. The Commissioner denied the application at the initial claim level,

and Plaintiff appealed the denial to an ALJ. On December 17, 2021, the ALJ issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on October 21, 2022, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes his past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a

2

determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred at Step Four.

I. **The ALJ correctly incorporated Dr. Spencer's limitations in the RFC.**

Plaintiff argues the ALJ erred by failing to adopt the concentration and interaction limitations assessed by psychological consultative examiner Thomas J. Spencer, Psy.D. *See* Pl.'s Brief at 4–9, ECF No. 8. Specifically, Dr. Spencer found Plaintiff had (1) "mild to moderate impairment in her ability to learn, recall, and use information and to consistently stay on task[;]" and (2) "moderate impairment in her ability to relate to and work with others on a consistent basis." R. at 522.

The ALJ found Dr. Spencer's opinion persuasive and consistent with the record as a whole. The ALJ also found Plaintiff could "perform light work" with the following relevant[2] limitations: "The claimant is able to perform simple, routine tasks with occasional interaction with coworkers and the public. She can have occasional changes in work setting while making simple work-related decisions." R. at 15. Plaintiff contends this finding is inconsistent with Dr. Spencer's opinion, which the ALJ embraced.

Under the revised regulations, "an ALJ is not required to adopt or give any specific evidentiary weight to a medical opinion. *See* 20 C.F.R. § 404.1520c(a). But an ALJ must explain how persuasive [he] finds a medical opinion based on, at least, the supportability and consistency of that opinion with the record as a whole. *See* 20 C.F.R. § 404.1520c(b)(1)–(2). When an ALJ's assessment of medical sources directly conflicts with the claimant's RFC and the ALJ fails to

---

determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through step four of the analysis the claimant bears the burden of showing she is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

[2] The ALJ also found physical limitations, however, Plaintiff only challenges the RFC's mental limitations.

explain that conflict, a limited remand may be appropriate for clarification if the error appears to have impacted the outcome." *Hickert v. Kijakazi*, No. 4:21-CV-00425-DGK, 2022 WL 2966882, at *2 (W.D. Mo. July 27, 2022) (citing cases).

Remand is not necessary here. First, Dr. Spencer opined Plaintiff "demonstrates mild to moderate impairment in her ability to . . . consistently stay on task." R. at 522. The RFC properly accounts for this limitation by limiting Plaintiff to "simple, routine tasks" and "simple work-related decisions." R. at 15. "The Eighth Circuit has explicitly held that a limitation to simple tasks—as the ALJ did here—sufficiently accounts for deficiencies in persistence, concentration, or pace." *Morand v. Berryhill*, No. 4:16-CV-01295-DGK-SSA, 2018 WL 1333978, at *3 (W.D. Mo. Mar. 15, 2018) (citing *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 1997)); *see Jones v. Kijakazi*, No. 21-00608-CV-W-BP-SSA, 2022 WL 1421956, at *2 (W.D. Mo. May 5, 2022).

Second, Dr. Spencer opined Plaintiff "demonstrates moderate impairment in her ability to relate to and work with others on a consistent basis." R. at 522. Obviously, his opinion does not distinguish between Plaintiff's ability to interact with supervisors, coworkers, and the general public. Plaintiff argues the RFC—limiting Plaintiff to "occasional interaction with coworkers and the public"—fails to incorporate her ability to interact with *supervisors*. Pl.'s Brief at 8. This argument lacks merit because "coworkers" encompasses supervisors. *See Jones*, 2022 WL 1421956, at *2 (finding "supervisors are co-workers, so the RFC limitation restricting Plaintiff's interactions with co-workers also applies to supervisors"). The case cited by Plaintiff to the contrary, *Masden v. Saul*, is distinguishable. No. 4:20-CV-00267-MDH, 2021 WL 3172934 (W.D. Mo. July 27, 2021). In *Masden*, the doctor opined plaintiff had the same limitation with respect to supervisors, coworkers, and the public, yet the ALJ assigned plaintiff a greater limitation in interacting with the public without explanation. *Id.* at *3. The Court found no reversable error

4

with respect to this issue. *Id.* Here, Dr. Spencer's opinion made no such distinctions. Further, state agency psychological consultants James Morgan, Ph.D. and Linda Skolnick, Psy.D. found Plaintiff "can interact adequately with peers and supervisors in a work setting where demands for social interaction are not primary job requirements," R. at 81, 68, and the ALJ found their opinions persuasive and consistent with the record. R. at 18. Accordingly, substantial evidence supports the RFC.

II.     **The ALJ did not error in failing to address additional factors.**

Plaintiff argues the ALJ committed legal error by failing to articulate the factors outlined in 20 C.F.R. § 404.1520c(3)-(5) when assessing the medical opinions of Drs. Spencer, Morgan, and Skolnick. Under the revised regulations, where "two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ] will articulate how [he] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5) of this section for those medical opinions or prior administrative medical findings in [the] determination or decision." 20 C.F.R. § 404.1520c(b)(3). Factors (c)(3) through (c)(5) include the relationship with the claimant, specialization, and other relevant factors.

Here, the ALJ rightly found all three doctor's opinions persuasive and consistent with the record as a whole. Dr. Spencer opined Plaintiff had "mild to moderate impairment in her ability to learn, recall, and use information and to consistently stay on task." R. at 522. Drs. Morgan and Skolnick opined Plaintiff "retains the ability to understand and remember simple instructions . . . [and] can carry out simple work instructions." R. at 68, 81. Since these opinions are the same, the ALJ was not required to consider the additional factors.

5

But even assuming, arguendo, the ALJ should have explained the additional factors, this failure would constitute harmless error. "An error is harmless when the claimant fails to 'provide some indication that the ALJ would have decided differently if the error had not occurred.'" *Horwath v. Kijakazi*, No. 6:22-CV-03031-DGK-SSA, 2023 WL 3865507, at *3 (W.D. Mo. June 7, 2023)(quotation omitted); *see Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) ("To show an error was not harmless, [a plaintiff] must provide some indication that the ALJ would have decided differently if the error had not occurred."). Remand is not required where an error is harmless. *See Lucus v. Saul*, 960 F.3d 1066, 1067 (8th Cir. 2020). Here, Plaintiff has not demonstrated the ALJ should have decided the case differently if he had he addressed the additional factors. *See Byes*, 687 F.3d at 917. Accordingly, any error was harmless.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   December 18, 2023              /s/ Greg Kays
                                                                           GREG KAYS, JUDGE
                                                                           UNITED STATES DISTRICT COURT